UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STARLENE G. TAYLOR,<br>a/k/a Gregory A. Taylor,<br><br>Plaintiff,<br><br>v.<br><br>LYOLD AUSTIN, KARNS, AMY ROLLINGS, KRISTEN DAUSS, HEATHER VERDON, SMITH, HARRIS, MARY SIMS, UTESH, SIMS, C JENNINGS, ELLEN KARIS,<br><br>Defendants. | CAUSE NO. 3:25-CV-656-CCB-SJF |

**OPINION AND ORDER**

Starlene G. Taylor, a/k/a Gregory A. Taylor, a prisoner without a lawyer, filed a complaint against twelve defendants that contained unrelated claims. Taylor alleges two doctors failed to complete the evaluation for gender dysphoria she requested. She goes on to detail what she characterizes as harassment by staff members because she is transgender and lists several allegedly unfair policies at Indiana State Prison that don't accommodate her transgender status. Taylor has a list of demands she would like enacted at Indiana State Prison. Later in the complaint, she sues several medical professionals for their care during episodes when she was suicidal. These claims are unrelated. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (litigant can't combine his claims against different parties "into one stewpot").

"Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly urged district courts to "be alert" to the issue of unrelated claims. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In *Owens*, the court "warned that district courts should not allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Id.*; *see also Thompson v. Bukowski*, 812 Fed. App'x 360, 363 (7th Cir. 2020) (noting that "mere overlap between defendants is not enough" and affirming dismissal of unrelated claims at the screening stage where plaintiff made "no specific argument" that the questions or law or fact were "common to all defendants"). Taylor's unrelated claims can't be brought together in one lawsuit simply because they happened to her at the same prison. *Thompson*, 812 Fed. App'x at 363.

When a plaintiff files a complaint with unrelated or mis-joined claims, the court generally allows her to decide which properly joined and related claims to pursue in the current case and when (or if) to bring the other claims in separate suits. *See Wheeler*, 689 F.3d at 683 (district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). This is the fairest solution because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

Thus, Taylor needs to decide which related claims and associated defendants she wants to pursue in this case. *See Katz*, 552 F.3d at 563 and *Wheeler*, 689 F.3d at 683.

Claims are related if the same defendant is involved in each claim or if the claims all stem from the same transaction or occurrence and there is a common question of law or fact. Fed. R. Civ. P. 18(a), 20(a)(2). Then, Taylor needs to file an amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which can be found in the prison law library, including only a discussion of those related claims and defendants. She needs to explain in her own words what happened, when it happened, where it happened, who was involved, and how she was personally injured—providing relevant facts about what occurred. She should not write about other events and conditions at Indiana State Prison that are not directly related to the claim against the named defendant or defendants. If she wants to pursue any other unrelated claims, Taylor must file a separate complaint for each group of unrelated claims. Each complaint will be assigned a new case number and will proceed as an independent case, subject to the usual filing fees, costs, and constraints of the Prisoner Litigation Reform Act.[1]

For these reasons, the court

(1) **STRIKES** the complaint (ECF 2) but it shall remain part of the public record; and

---

[1] If she files an amended complaint that still contains unrelated claims, the court reserves the right to choose one for her and dismiss the rest without prejudice. *See Owens*, 635 F.3d at 952 ("Complaints like this one from Owens should be rejected, either by severing the action into separate lawsuits or by dismissing improperly joined defendants.") (internal citations omitted)); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

(2) **ORDERS** Starlene G. Taylor, a/k/a Gregory A. Taylor, to submit an amended complaint containing only related claims on the court's approved form by **November 20, 2026**.

SO ORDERED on October 16, 2026.

*/s/Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT